Leeverne Lloyd, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice, Bureau of Correction, Respondent.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Taylor Aspinwall,* for petitioner.

*Jerry I. Drew,* Assistant Attorney General, with him *Michael von Moschzisker,* Deputy Attorney Gen-

eral, and *J. Justin Blewitt, Jr.*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., May 15, 1979:

Petitioner appeals from an order of the State Civil Service Commission (Commission) sustaining his removal as Corrections Officer 1, regular status, by the Superintendent of the State Correctional Institution at Graterford (Graterford). The basis for his removal was charges of excessive absenteeism, lateness, reporting unfit for duty, and refusing to take assigned posts. We affirm.

On June 30, 1976, petitioner had been removed from his position at Graterford but, as a result of a union grievance, was reinstated without back pay, on January 1, 1977. His six months' absence was to be considered as a disciplinary absence and during the first six months of his return he was in a probationary status. Paragraph 4 of the letter reinstating petitioner, stated:

> At any time during Mr. Lloyd's employment with the Commonwealth after his reinstatement, it is distinctly understood that if Mr. Lloyd reports in an unfit condition to perform his work this shall constitute just cause for discharge.

The Commission, *inter alia*, made the following findings of fact:

> 12. [Petitioner] was absent 23 days between January 22, 1977, and August 22, 1977.
>
> 13. [Petitioner] was **reprimanded for failure** to appear at roll call on February 17, 1977, March 6, 1977, March 25, 1977, and March 26, 1977.
>
> 14. On September 7, 1977, the Squad Sergeant smelled the odor of alcohol on the [petitioner's] breath.

15. On September 7, 1977, [petitioner] was assigned to #5 Tower and [petitioner] said he could not work the Tower. Then [petitioner] was offered kitchen security, at which point he said he felt he would not be able to complete his tour of duty.

16. [Petitioner] was requested to wait for the Senior Captain, but instead he left the Institution with two other employes.

The only disputed fact of significance in this entire record is whether petitioner reported for duty on September 7, 1977, with the odor of alcohol on his breath. It was entirely within the province of the Commission to resolve this dispute which it has done against the petitioner. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 293 A.2d 147 (1972).

The only argument of petitioner worthy of note is that other civil servants working at Graterford were guilty of rule infractions and were not dismissed. If such infractions were of a similar nature and committed under similar circumstances by persons similarly situated, there could be some merit in this position. However, no evidence was produced or offered[1] to be produced of a corrections officer who, within three months of being on a six month disciplinary absence without pay and having been specifically informed in writing that he would be discharged if he reported in an unfit condition to perform his work,

---

[1] Petitioner had requested the Commission issue a subpoena duces tecum for personnel records of specific individuals who had been disciplined. The Commission issued the subpoena but at the time of the hearing, on motion of counsel for respondent, ruled inadmissible as irrelevant any records prior to January 1, 1977, the time petitioner was advised he would be discharged if he reported to work in an unfit condition. We find no reversible error in this ruling. The limitation of disciplinary actions taken against others to those actions taken during the time petitioner's conduct was being questioned seems entirely reasonable.

reported for duty in an unfit condition with the odor of alcohol on his breath. True, there were additional infractions existing and specified of which others had been guilty and were not discharged, but the foregoing alone is enough to more than justify the action of the Superintendent as approved by the Commission.

Accordingly, we will enter the following

### ORDER

AND Now, May 15, 1979, the order of the State Civil Service Commission, dated July 21, 1978, in Appeal No. 2292 sustaining petitioner's removal from his position as Corrections Officer 1, regular status, is affirmed.